UNITED STATES DISTRICT COURT     **ORIGINAL**

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable CHARLES R. BREYER, Judge

| | | |
|---|---|---|
| LA'MARCUS McDONALD, | ) | **Motion to Bifurcate** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. C 20-04183 CRB |
| | ) | |
| COUNTY OF SONOMA, TOWN OF WINDSOR, MARK ESSICK, TRAVIS PERKINS, BRENT KIDDER, and GREGORY CLEGG, | ) | Pages 1 - 7 |
| | ) | |
| | ) | San Francisco, California |
| Defendants. | ) | |
| _____ | ) | Thursday, August 26, 2021 |

**REPORTER'S TRANSCRIPT OF ZOOM WEBINAR PROCEEDINGS**

**APPEARANCES VIA ZOOM WEBINAR:**

| | |
|---|---|
| For Plaintiff: | Hagens Berman Sobol Shapiro LLP |
| | 715 Hears Avenue, Suite 202 |
| | Berkeley, California  94710 |
| BY: | DANIELLE SMITH, |
| | WESLEY A. WONG, ATTORNEYS AT LAW |
| | |
| For Defendants: | McNamara, Ney, Beatty, Slattery, |
| | Borges & Ambacher LLP |
| | 3480 Buskirk Avenue, Suite 250 |
| | Pleasant Hill, California  94523 |
| BY: | NOAH G. BLECHMAN, ATTORNEY AT LAW |
| | |
| Reported By: | Raynee H. Mercado, CSR No. 8258 |

   Proceedings reported by electronic/mechanical stenography; transcript produced by computer-aided transcription.

*RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR, CCRR (510) 565-7228*

```
 1   Thursday, August 26, 2021                        10:07 a.m.
 2                     P R O C E E D I N G S
 3                        (Zoom Webinar)
 4           THE CLERK:  Next case, calling civil action C20-4183,
 5   McDonald versus County of Sonoma.
 6      Counsel, please state your appearances for the record.
 7           MR. WONG:  Good morning, Your Honor.  This is Wesley
 8   Wong on behalf of plaintiff.  With me today is Danielle Smith.
 9           THE COURT:  Morning.
10           MS. SMITH:  Good morning.
11           MR. BLECHMAN:  Good morning, Your Honor.  Noah
12   Blechman on behalf of the defendants.
13           THE COURT:  Morning.
14      So this is on for a motion to bifurcate.  What I intend to
15   do is, one, deny the motion to bifurcate with the
16   understanding that it can be renewed at the time of the
17   pretrial in this matter.  That's what I usually do.  I -- I
18   deal with -- when I say "usually," I don't know whether you
19   were party to the -- whether you heard the previous case
20   called where of course I'm doing opposite, so --
21           MR. WONG:  I got worried for a second, Your Honor.
22           THE COURT:  I mean, there's -- you know, every case
23   is different.  And every -- and I look at cases -- I try to
24   address the -- the motions in the individual case, which I
25   hope makes sense in the individual case.
```

1       Nevertheless, this is what I would call somewhat of a
2  standard case in that -- well, first of all, both sides are
3  represented by counsel.  That makes a difference from the --
4  from the previous case.  But the real difference is that -- or
5  not the real difference, but this case is the -- what I call
6  the traditional case of where there are allegations of
7  improper practices and -- and -- coupled with a *Monell* claim.
8       When I get those, what I do is permit discovery on -- on
9  all the issues that are raised -- that are fairly raised but
10 not commit to how the matter will be tried because the
11 questions of whether there would be confusion or undue
12 consumption of time and how to approach the -- the actual
13 trial in the case are -- are better left for the pretrial
14 conference rather than -- rather than trying to sort it all
15 out in discovery.  Just gets -- it gets highly duplicative,
16 actually.
17      And -- and it could result in sort of the -- the odd
18 situation of just trying the liability without any discovery
19 on the *Monell* claim, and then jury comes back and finds
20 liability -- you know, I'm not suggesting they will in this
21 case, but if they do, then starting discovery all over again,
22 you know.
23      And what do I tell jury?  Come back in month?  Two months?
24 Three months?  Or get a new jury.  Then there's those
25 arguments.  So as they say, in our business, nothing's simple,

1   but this is the approach that -- that at least I've tried over
2   the years, and this achieves some modest degree of success.
3           Okay.  Any questions?
4           Mr. Blechman?
5                   **MR. BLECHMAN:**  Yes, Your Honor.
6                   **THE COURT:**  Yeah.
7                   **MR. BLECHMAN:**  May I -- I understand the court's
8   thoughts that we can -- that the court is talking about no
9   bifurcation --
10                          (Simultaneous colloquy.)
11                  **MR. BLECHMAN:**  -- at this point, but trial, we can
12  revisit that close to trial.
13          Maybe I can also suggest perhaps we can have some sort of
14  staggered discovery schedule.  We don't have a -- a major
15  schedule in the case, I believe.  And we can do individualized
16  discovery for a period of time, and then because this -- this
17  discovery that we're talking about --
18                  **THE COURT:**  I think that makes some sense.  In other
19  words, you do -- I mean -- and I hope that the parties can do
20  it.
21          In other words, people have to be reasonable in this, and
22  you have to -- you have to sort of work it out by
23  communications and try to figure it out.
24          Yeah, I think it's reasonable to do the individual
25  liability discovery first.  You know, there may be -- there

1    may be a "there" there or no "there" there.  If there's no
2    "there" there, then my guess is we'll be treated to a motion
3    for -- for summary judgment.  If there isn't -- if there seems
4    to be a "there" there, then that would open up the door to
5    some additional discovery.
6        But I don't want to enter an order if I can avoid it
7    because I don't want to get into a hassle of, what -- well,
8    what is really individualized discovery.  What -- what did the
9    officer -- what was the officer trained to do?  What was
10   so-and-so -- what was the policy of the government da-da-da at
11   this time and so forth.
12       I -- I just have to leave it up to you.  You know, just
13   look at it.  Try to -- try to err on the side of inclusion and
14   allow, you know, a fair amount of -- look, not -- complete
15   individualized discovery and see where it gets.
16       You may have a dispute.  If you do have a discovery
17   dispute, why don't you to go a magistrate judge to try to
18   resolve it since I don't particularly do discovery.
19       But I just think that you'll all figure it out.  Okay?
20           **MR. WONG:**  And then might I add, Your Honor.  We
21   remain willing and ready to meet and confer with the
22   defendants to discuss, you know, any narrowing or limitations
23   to the discovery that we are requesting.
24       We've attempted to engage the defendants on multiple
25   occasions, to meet --

1           **THE COURT:**  Well, they're going to do -- they're
2    going to engage with you now.
3           **MR. WONG:**  So that's good news.
4           **THE COURT:**  That's great news, right --
5           **MR. WONG:**  Right.
6           **THE COURT:**  -- Mr. Blechman?
7           **MR. BLECHMAN:**  Yes, Your Honor.
8        Is there -- is there a way we could get some sort of a
9    date, though, that we can -- the parties can have sort of
10   delineation of individual discovery?  Maybe perhaps, you know,
11   for the remainder of the year or something, and then *Monell*
12   potential discovery could open up --
13          **THE COURT:**  Well, how would -- how -- well, that
14   depends on this case.  Tell me.  Maybe I have to ask the
15   plaintiff.  So what do you contemplate in terms of the
16   individualized discovery now?  Are you talking about one
17   deposition, twenty depositions?  What is the -- what's the
18   idea here?
19       I mean, you have an incident.  You know, you have
20   something that you're investigating or charging was improper
21   and how -- how much discovery do you need on that -- on that
22   subject?
23       And it's not my idea to try to limit you.  Rather, it's my
24   idea to get an idea of the scope?
25          **MS. SMITH:**  I think we might --

1   **THE COURT:** Yes, go ahead. Thank you very much, Ms. Smith.

2   **MS. SMITH:** I think we might need to go back, confer amongst ourselves and --

3   **THE COURT:** Okay.

4   **MS. SMITH:** And continue to meet and confer over it. But I completely agree on your decision on the bifurcation. And I think, you know, we should continue conferring over the existing discovery requests that we have and, you know, figure out some -- some type of reasonable --

5   **THE COURT:** If after a meet-and-confer -- if after a meet-and-confer session, you're just unable to -- to do something on it, then go see a magistrate. Okay?

6   **MS. SMITH:** I agree completely.

7   **MR. WONG:** I agree, Your Honor.

8   **THE COURT:** All right. Thank you very much.

9   **MR. WONG:** Thank you.

10  **MS. SMITH:** Thank you, Your Honor.

11  **MR. BLECHMAN:** Thank you.

12  **MR. WONG:** Have nice day. Take care.

13  **THE COURT:** Okay. Thank you. Bye-bye.

14  **THE CLERK:** That concludes today's proceedings. Thank you.

(Proceedings were concluded at 10:15 A.M.)

--o0o--

## CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter. I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken, and further that I am not financially nor otherwise interested in the outcome of the action.

_____

Raynee H. Mercado, CSR, RMR, CRR, FCRR, CCRR

Friday, September 17, 2021