Reed R. Kathrein (139304)
Wesley A. Wong (314652)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
wesleyw@hbsslaw.com

*Attorneys for Plaintiff La'Marcus McDonald*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA'MARCUS MCDONALD,<br><br>                            Plaintiff,<br><br>    v.<br><br><br>COUNTY OF SONOMA, TOWN OF WINDSOR, MARK ESSICK, TRAVIS PERKINS, BRENT KIDDER, and GREGORY CLEGG,<br><br>                            Defendants. | No. 3:20-cv-04183-CRB<br><br>Hon. Charles R. Breyer<br><br>**PLAINTIFF'S REQUEST FOR A TELEPHONIC CONFERENCE RE: OBTAINING DEFENDANTS' PORTION OF JOINT DISCOVERY DISPUTE LETTER** |

Pursuant to the Court's Standing Order (effective July 11, 2019), Plaintiff hereby requests a telephonic conference for the purpose of enforcing the Court's joint discovery dispute letter requirement. Plaintiff sent a draft of a joint discovery dispute letter containing Plaintiff's portion on February 14, 2022. Defendants represented that they would supply their portion of the letter. Defendants, however, have not provided Plaintiff with their portion for *over a month* despite repeated follow-up requests from Plaintiff's counsel to do so. Instead, Defendants have continued to request last minute extensions, and the parties' discovery dispute remains unresolved.

**I.       Background of Discovery Dispute**

Several discovery disputes have arisen between the parties that requires the Court's intervention. Specifically, the parties have reached an impasse regarding (1) Defendants' assertion of the "official information" privilege and other state law privileges; and (2) discovery related to Plaintiff's allegations of Defendants' deliberate indifference which support Plaintiff's *Monell* and supervisory liability claims.

Despite Plaintiff's continuing attempts to resolve these disputes with Defendants since at least March 2021, Defendants have failed to timely respond to Plaintiff's discovery requests, which were originally propounded in January 2021; have delayed in producing documents; have failed to provide written verifications to responses; have failed to provide any privilege log; have failed to meaningfully respond to Plaintiff's meet and confer letters; and have failed to resolve the above-mentioned discovery issues with Plaintiff during meet and confer sessions. Rather, Defendants have maintained questionable objections and assertions of privilege, and have failed to meaningfully engage with Plaintiff on the propriety of their objections and assertions of privilege.[1] This has remained the case even after the Court denied Defendants' Motion to Bifurcate the Trial and Discovery, allowed broad discovery on all claims to move forward,[2] and ordered the parties to meet and confer about discovery

---

[1] Plaintiff described in great detail in a March 10, 2021, meet and confer letter to Defendants why many of Defendants' objections and privilege assertions were inapplicable and should be withdrawn. *See* ECF No. 40, Decl. of Wesley A. Wong, Ex. A. Defendants have continued to broadly maintain these objections and assertions of privilege, and have not provided Plaintiff with any rationale, analysis, and/or legal basis in support. Meet and confer discussions have stalled as a result.

[2] At the Motion to Bifurcate hearing, the Court stated that this case was a traditional Section 1983 case coupled with a *Monell* claim and explained, as a matter of judicial economy, that "…what I do

deadlines. ECF No. 43. The parties cannot reach agreement as to the scope of relevant discovery and therefore have been unable to meaningfully discuss discovery deadlines despite Plaintiff's efforts to do so.

Plaintiff has been unable to effectively prosecute his *Monell* and supervisory liability claims because these discovery issues have remained unresolved. These discovery disputes were referred to Your Honor for resolution on October 5, 2021. *See* ECF Nos. 47-49.

**II.      Status of Joint Discovery Dispute Letter**

Plaintiff sent a draft of a joint discovery dispute letter containing Plaintiff's portion on February 14, 2022. Plaintiff has attempted to obtain Defendants' portion of the letter for over a month. *See* Decl. of Wesley A. Wong, Ex. A concurrently filed herewith. Despite Plaintiff's counsel's willingness to work with Defendants' counsel in the drafting process (e.g., to ensure the letter meets the Court's 8-page length requirement), Defendants have failed to provide their portion of the letter and continue to request last minute extensions. *See id.* To date, Plaintiff has not been provided with a date of when he will receive Defendants' portion of the letter. This discovery dispute has been ongoing for over a year, and it is time to resolve it. Plaintiff cannot continue waiting indefinitely.

**III.     Conclusion**

Plaintiff respectfully requests that the Court, at the earliest opportunity, schedule a telephonic conference for the purpose of enforcing the Court's joint discovery dispute letter requirement.

---

is permit discovery on – all the issues that are raised – that are fairly raised[.]" ECF No. 45 at 3. The Court ruled in its Motion to Dismiss Order that all of Plaintiff's claims, except Plaintiff's claim for injunctive relief, were plausibly alleged. ECF No. 32.

| | |
|---|---|
| DATED: March 16, 2022 | Respectfully submitted, |
| | HAGENS BERMAN SOBOL SHAPIRO LLP |
| | By  */s/ Wesley Wong* |
| | WESLEY A. WONG |
| | |
| | Reed R. Kathrein (139304) |
| | Wesley A. Wong (314652) |
| | 715 Hearst Avenue, Suite 202 |
| | Berkeley, CA  94710 |
| | Telephone: (510) 725-3000 |
| | Facsimile:  (510) 725-3001 |
| | reed@hbsslaw.com |
| | wesleyw@hbsslaw.com |
| | |
| | Steve W. Berman |
| | Jacob P. Berman (327179) |
| | HAGENS BERMAN SOBOL SHAPIRO LLP |
| | 1301 Second Avenue, Suite 2000 |
| | Seattle, WA  98101 |
| | Telephone: (206) 623-7292 |
| | Facsimile:  (206) 623-0594 |
| | steve@hbsslaw.com |
| | jakeb@hbsslaw.com |
| | |
| | *Counsel for Plaintiff La'Marcus McDonald* |