UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA'MARCUS MCDONALD,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SONOMA, et al.,<br><br>    Defendants. | Case No. 20-cv-04183-CRB  (SK)<br><br>**ORDER ON JOINT LETTER DISCOVERY BRIEF**<br><br>Regarding Docket No.94 |

The parties filed a joint letter brief to address their dispute regarding Defendants' responses to Plaintiff's first set of requests for admission and related interrogatories and requests for production of documents.

In this matter, Plaintiff La'Marcus McDonald alleges that, on July 19, 2019, Defendants Travis Perkins and Gregory Clegg violated Plaintiff's rights under the U.S. and California Constitutions when they unlawfully arrested him, used excessive force against him, and unlawfully searched him. (Dkt. No. 15.) Plaintiff also alleges that other Defendants, other law enforcement officers, Sonoma County, and the Town of Windsor "acquiesced to and condoned the ongoing constitutional violations." (Dkt. No. 32 (citing Dkt. No. 15).)

Plaintiff now seeks to compel further responses to Interrogatories, seeks an order deeming responses admitted to certain Requests for Admission, and seeks production of documents.

**Requests for Admission**

Plaintiff seeks an order deeming that Requests 1-5 and 7 are admitted. These are listed below:

> REQUEST FOR ADMISSION NO. 1: Admit that in the Sonoma County Sheriff's Office's entire history, or for which you have records or knowledge, you or no other Deputy has ever reported another Deputy for the use of excessive force.
>
> REQUEST FOR ADMISSION NO. 2: Admit that in the Sonoma

> County Sheriff's Office's entire history, or for which you have records or knowledge, you or no other Deputy has ever been disciplined for failure to report a Deputy's use of excessive force.
>
> REQUEST FOR ADMISSION NO. 3: Admit that in the Sonoma County Sheriff's Office's entire history, or for which you have records or knowledge, you or no other Deputy has ever been disciplined for writing a false police report.
>
> REQUEST FOR ADMISSION NO. 4: Admit that in the Sonoma County Sheriff's Office's entire history, or for which you have records or knowledge, you or no other Deputy has ever been disciplined for using excessive force.
>
> REQUEST FOR ADMISSION NO. 5: Admit that in the Sonoma County Sheriff's Office's entire history, or for which you have records or knowledge, no Deputy involved in an officer-involved shooting has ever been found to have violated any Sheriff's Office's department policies.
>
> REQUEST FOR ADMISSION NO. 7: Admit that in the Sonoma County Sheriff's Office's entire history for which you have records or knowledge, you or no other Deputy has ever been disciplined for making a false accusation of resisting arrest.

(Dkt. No. 94-4.) Defendants object to these Requests for Admission because they seek responses based on the "entire history" of the Sonoma County Sheriff's Office, and the Sonoma County Sheriff's Office has been operating since the 1800s. (*Id*.) The Court agrees that the Requests for Admission are overreaching and unduly burdensome and thus DENIES the motion to deem them as admitted. Plaintiff seems to argue that the Court should revise the Requests for Admission to instruct Defendants to respond to a limited time period that the Court earlier identified for other discovery disputes. The Court declines to re-write the Requests for Admission.

There is also a dispute about Request for Admission No. 20. That states: "Admit that driving a person to the ground headfirst is deadly force." (*Id*.) Defendants objected and argued, inter alia, that Request for Admission No. 20 calls for a legal conclusion. Despite the objection, Defendants responded as follows:

> Defendants respond as follows: Can neither admit nor deny as phrased as there is insufficient information provided to determine whether a use of force would be proper or not proper and/or whether or not a particular use of force could be considered the use of deadly

2

> force and/or less lethal force, and it depends upon the situation and many involved factors per the law and policy. Additionally, Defendants contend that deadly force was not used towards Plaintiff by Dep. Perkins.

(*Id*.) Defendants argue here that the response is adequate because it was not able to admit or deny and provided the reasons why. Plaintiff is correct that the Federal Rules of Civil Procedure allow a party to serve a Request for Admission which calls for the "application of law to fact," but Defendants are correct that the Federal Rules of Civil Procedure also allows the responding party to "state in detail why the answering party cannot truthfully admit or deny it." Fed.R.Civ.P. 36. Here, Defendants adequately explained why they cannot admit or deny Request for Admission. Thus, the Court DENIES Plaintiff's request to deem Request for Admission No. 20 as admitted.

**Interrogatories**

In Interrogatory No. 5, Plaintiff seeks, for any response to a Request for Admission that is not an unqualified admission, all facts upon which Defendants base their response, the names, addresses and telephone numbers of all persons who have knowledge of those facts, identification of all documents that support those responses, and the name, address and telephone number of the person who has each document." (Dkt. No. 94-2.) Defendants object that this is a compound interrogatory and that responding to it is unduly burdensome and objective, since it seeks information and documents over a vast period of time. The Court finds that Interrogatory No. 5 is compound, DENIES Plaintiff's motion to compel a further response, and declines to extend the number of interrogatories for Plaintiff.

Interrogatory No. 6 states: "State the number of and identify all false arrest reports where there was no underlying arrest charged." Interrogatory No. 7 states: "Identify all false arrest charges dropped or refused to be prosecuted by Sonoma County's District Attorney's Office." (*Id*.) Defendants object on the grounds that "false arrest" is not defined in a such a way that they can respond. The Court finds that Interrogatories Nos. 6 and 7 are argumentative in such a way that Defendants cannot respond and thus DENIES Plaintiff's motion to compel further responses.

**Request for Production of Documents**

Plaintiff also seeks to compel production of documents. In Request No. 57, Plaintiff seeks "[a]ll documents that relate to or support your responses to Plaintiff's First Set of Requests for

3

Admission and the name, address and telephone number of the person who has each document." (Dkt. No. 94-3.)  For the same reasons set forth above, the Court DENIES the motion to compel production of documents responsive to this request.

In Request No. 58, Plaintiff seeks "[a]ll Documents that relate to all false arrest charges dropped or refused to be prosecuted by Sonoma County District Attorney's Office identified in Plaintiff's Interrogatories Nos. 6 and 7." (*Id*.)  For the same reasons above regarding the failure to define "false arrest," the Court DENIES the motion to compel production of documents responsive to this request.

In Request No. 59, Plaintiff seeks "[a]ll Documents that relate to reports and underlying documents submitted to the California Department of Justice pursuant to California Penal Code, Section 13012(a)(5), regarding civilian complaints against peace officers." (*Id*.)  The Court GRANTS Plaintiff's request to compel production of these documents.

**IT IS SO ORDERED**.

Dated: November 15, 2023

_____
SALLIE KIM
United States Magistrate Judge

4